FORMA PAUPERIS

# CITATION

| | | |
|---|---|---|
| VICTORIA ANN TARLETON | | STATE OF LOUISIANA |
| Vs. No. 134303 Div "C" |  | 16th JUDICIAL DISTRICT COURT |
| DG LOUISIANA LLC, ET AL | | PARISH OF ST. MARY |

To: DG LOUISIANA, LLC, THROUGH AGENT, CORPORATION SERVICE COMPANY, 501 LOUISIANA AVENUE, BATON ROUGE, LA 70802

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the 16th Judicial District Court in the St. Mary Parish Court House in the City of Franklin in said Parish within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE AT FRANKLIN, LOUISIANA, OCTOBER 30, 2019.

CLERK'S OFFICE, FRANKLIN, LA

OCT 3 0 2019
A true copy of the original
Attest
Dy. Clerk of Court

CLIFF DRESSEL
Clerk of Court
St. Mary Parish, Louisiana
16th Judicial District Court

_____
Deputy Clerk of Court

SPACE BELOW FOR SHERIFF'S RETURN

**EXHIBIT A**

[ SERVICE ]

| | |
|---|---|
| VICTORIA ANN TARLETON | 16TH JUDICIAL DISTRICT COURT |
| VERSUS NO.: 134303  DIV. "C" | PARISH OF ST. MARY |
| DG LOUISIANA, LLC | STATE OF LOUISIANA |

### PETITION FOR DAMAGES

The petition of **VICTORIA ANN TARLETON** respectfully represents:.

1.

**VICTORIA ANN TARLETON** is a person of the full age of majority domiciled and residing in the Parish of St. Mary, State of Louisiana, at all pertinent times.

2.

Defendant, **DG LOUISIANA, LLC**, is a non-Louisiana (Tennessee) limited liability company, registered in Louisiana charter no. 41066350Q, registration date 1/29/2013, with registered agent for service of process, **CORPORATION SERVICE COMPANY, 501 Louisiana Avenue, Baton Rouge, LA 70802**, status active, annual report status in good standing, last report filed 1/16/2019, doing business in St. Mary Parish, State of Louisiana, with registered office and principal business establishment in Louisiana at 501 Louisiana Avenue, Baton Rouge, LA 70802; which appears to claim and/or claims to operate under the trade name of **DOLLAR GENERAL**; which trade name **DOLLAR GENERAL** appears from the public record in Louisiana with the Louisiana Secretary of State to be in current inactive status, inactive reason expired, and expired trade name of/registered by defendant applicant **DOLGENCORP, LLC**, a non-Louisiana (Kentucky) limited liability company (previous name **DOLGENCORP, INC.** (changed 10/22/2008)), with registered agent for service of process, **CORPORATION SERVICE COMPANY, 501 Louisiana Avenue, Baton Rouge 70802**, which **DOLGENCORP, LLC** has mailing address and principal business office at 100 Mission Ridge, Goodlettsville, TN 37072, domicile address c/o **CORPORATION SERVICE COMPANY,** 421 W. MAIN ST., FRANKFORT, KY 40601, which appears to be and/or is doing business in St. Mary Parish, State of Louisiana, with registered office and principal business establishment in Louisiana at 501 Louisiana Avenue, Baton Rouge, LA 70802; said trade name **DOLLAR GENERAL,** book # 60-4070, was registered by applicant **DOLGENCORP, LLC,** 100 Mission Ridge, Goodlettsville, TN 37072, with the Louisiana Secretary of State, first used

12/21/1973, first used in Louisiana 11/4/1977, registered 11/10/2008, expiration date 11/10/2018 for type of business retail stores; all of which entities are encompassed in the name and hereinafter referred to as **DOLLAR GENERAL** and the term defendant as used herein is intended to encompass all defendants and not just a singular defendant.

3.

On or about **October 11, 2019 at 10:58 A.M.,** the date and time of the complained of incident, **VICTORIA ANN TARLETON** was a customer, patron, and business invitee of the **DOLLAR GENERAL STORE at 457 Hwy 317, Centerville, LA 70522, owned and operated by DOLLAR GENERAL,** where she was caused to slip and fall and sustain injury due to the negligence and/or fault of **DOLLAR GENERAL** and those for whom it is responsible and/or the unsafe and unreasonable premises of said defendant(s).

4.

All defendants are jointly, severally, solidarily and/or concurrently liable, at fault for and caused and/or contributed to the occurrence of the complained of incident and any and all damages arising therefrom and any and all resultant injuries and damages of plaintiff.

5.

On the date and at the time of the complained of incident, plaintiff **VICTORIA ANN TARLETON** as customer, patron, and business invitee presented and was ambulating in normal fashion to do business at **DOLLAR GENERAL STORE at 457 Hwy 317, Centerville, LA 70522.**

6.

On the date and at the time of the complained of incident, **DOLLAR GENERAL STORE at 457 Hwy 317, Centerville, LA 70522,** unbeknownst to plaintiff and without any warning or caution provided by defendant(s) and those for whom defendants are responsible, was conducting operations and provided premises which failed to have a slip-resistant and/or adequately slip-resistant surface and/or was otherwise unreasonably unsafe premises and walkway/entranceway/passageway compounded by lack of any and/or adequate notice or caution to the public or lack of any and/or adequate due housekeeping or reasonably safe walking surface in the area of the incident for the pertinent time period, which resulted in, caused and contributed

to plaintiff slipping, falling and sustaining injuries at defendant's premises as she was entering and attempting to walk into defendant's premises in Centerville, St. Mary Parish, Louisiana on the date and at the time of the complained of incident.

7.

At all pertinent times, defendant(s) **DOLLAR GENERAL** operates and owns and/or has custody, control, garde, possession and responsibility for and/or leases and/or otherwise owns and is responsible for and specified the premises at **DOLLAR GENERAL STORE at 457 Hwy 317, Centerville, LA 70522,** and is responsible for their condition at all pertinent times and for all personnel who are performing inspection, upkeep, floor maintenance, posting of caution cones or notices, placing, position and maintenance of any mat(s) or rug(s) at or in the entranceway and/or exitway, any and all mopping, clean-up and/or housekeeping operations, functions and/or practices or procedures, and handling or dealing with providing reasonably safe passageways for any invitee, patron and/or customer traffic, such as plaintiff, or other traffic at the involved premises and/or is responsible for any personnel or entities involved in design, construction or specification of the premises, particularly the entranceway/exit area and any flooring or walkway provided for entrance and/or exit and any flooring covering or surface specification of material or other specification of passageway or flooring or walkway and any posting of caution cones or signs or any rules or procedures concerning dealing with slipperiness and/or slip-resistance of the provided walking surface and dealing with inclement weather and/or rain and any placement or mats/rugs/other floor coverings and/or treatments outside the entranceway and inside the entranceway.

8.

On the date and at the time of the complained of incident, through negligence and fault of defendant(s) **DOLLAR GENERAL** and any for whom they or any of them is responsible, which negligence and fault could and should have been avoided by exercise of reasonable care that was not exercised, the operations and premises presented and contained unreasonably unsafe walkway and/or floor or aisleway and defective and unreasonably hazardous premises, through unreasonable failure in original construction or design and/or through ruin and/or which were unwarned of and unprecautioned against and contained unremediated and/or inadequately remediated   non-slip-

resistant and/or unreasonably slippery and/or wet and/or non-absorbent and/or inadequately inspected, monitored, mopped, housekept and/or maintained walkway and/or unsafe and/or inadequately marked, separated and/or cautioned of unsafe and/or hazardous condition of the floor/walkway, and/or unsafely positioned and inadequately specified weather or other mats or rugs, all of which was a condition created and constructively and/or actually known by and permitted to exist by **DOLLAR GENERAL** through unsafe and inadequate construction and design of the premises without any and/or adequate skid-resistant, absorbent, and/or non-slippery floorway/walkway and through unreasonably unsafe operations, practices and procedures, all of which was actually and/or constructively known and/or should have been known of and protected against or warned against by the defendant, the store and personnel of the store in the exercise of due care, which was not exercised by **DOLLAR GENERAL** or those acting on its behalf.

9.

The complained of incident arose due to the negligence, fault, strict liability and/or responsibility under law of **DOLLAR GENERAL,** a merchant, and those for whom defendant(s) is/are responsible, individually and/or vicariously, including but not necessarily limited to:

    a. operating the premises unreasonably unsafely, including violation of the Merchant Liability Act La.R.S. 9:2800.6, which the merchant operated with unreasonably unsafe walkway/passageway, which presented unreasonable risk of harm to an entering customer, patron and/or invitee, such as plaintiff, and which unreasonable risk of harm was reasonably forseeable to defendant;

    b. the merchant owning and operating the premises with an unreasonably hazardous condition under circumstances where the merchant either created the condition or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

    c. the merchant failed to exercise reasonable care;

    d. the premises through lack of due care and fault of the merchant were not kept free of unreasonable and hazardous condition and risk of harm that was reasonably forseeable to defendant(s), including but not limited to lack of adequately slip-resistant walkway and flooring surface and placement of mats/rugs which are not recessed nor secured to the floor and fail to

adequately abut each other or the entrance threshhold area and leave space for exposed non-slip-resistant floor in the pathway and readily anticipatable footfall area of an entering customer with unreasonable hazard of causing and contributing to a slip and fall occurrence.

10.

The complained of incident arose due to the negligence, fault, strict liability and/or responsibility under law of **DOLLAR GENERAL,** and those for whom defendant(s) is/are responsible, individually and/or vicariously, including but not necessarily limited to:

a. operating and owning premises which were unsafe and defective in violation of Civil Code art. 2317, 2317.1 and 2322, including being unreasonably hazardous, dangerous and/or defective through vice in construction, design and/or ruin created by defendant and/or those for whom defendant is responsible, including

b. liability as owner and/or operator for damages occasioned by ruin, which was due to neglect to repair it and/or due to a vice or defect in its original construction, which ruin and/or vice or defect were present in the premises involved in the complained of incident;

c. the owner and/or operator knew or in the exercise should have known of the vice or defect which caused the damage,

d. the damage could have been prevented by the exercise of reasonable care by the owner and/or operator or those for whom it is/they are responsible,

e. the owner and/or operator and those for whom it is responsible failed to exercise reasonable care,

f. the owner and/or operator is responsible for controlling, owning, operating and/or possessing, having care, custody and/or garde of premises presented to the public without warning or notice which were unreasonably dangerous and hazardous in which the defective and/or unreasonably hazardous condition had no social utility, presented likelihood and gravity of harm, was not open and obvious, could easily and economically have been remediated, and which presented harm to an entering patron, customer or invitee such as plaintiff who was engaged in an activity of entering a retail store which is not and should not be a hazardous activity,

g. defendant is responsible for controlling, owning, operating and/or possessing, having

care, custody and/or garde of premises presented to the public without warning or notice which were unreasonably dangerous and hazardous in violation of the risk-utility test requirements for reasonably safe premises and operations.

11.

The complained of incident arose due to the negligence, fault, strict liability and/or responsibility under law of **DOLLAR GENERAL,** and those for whom defendant(s) is/are responsible, individually and/or vicariously, including but not necessarily limited to:

A. negligence, fault, inadequate training and/or supervision of personnel for whom defendant was responsible which could have been avoided by exercise of reasonable care which was not exercised,

B. failing to provide reasonably safe premises in which to shop,

C. failing to exercise due care to inspect, specify, upkeep, design, repair, housekeep, operate or maintain the premises in reasonably safe condition, including but not limited to inadequately specified or treated floor or walking area for slip-resistance and unsafe/inadequate position and use of unsecured and unrecessed mats/rugs in a known area of customer entrance with gaps not covered by the mats/rugs exposing to footfall a non-skid/non-slip resistant area of floor in a known area of anticipatable pedestrian traffic,

D. without due care or negligent operating, owning, controlling, having custody, control and/or garde of premises which were unsafe and/or unreasonably unsafe, which unsafe condition and/or reasonably unsafe condition was created by and/or existed in such circumstances at to actual and/or constitute constructive notice to defendant and personnel of defendant but could and should have been remedied by the exercise of reasonable care and/or warned of in the exercise of reasonable care and/or precautioned against in the exercise of reasonable care which was not exercised by defendant and those for whom defendant is responsible,

E. failure to exercise due care,

F. failure to exercise and/or provide adequate inspection, housekeeping, design, construction, maintenance and/or repair, and/or warning, or posting of safety cones, notices of slippery floor, or other cautions, which could and should have been provided by defendant in exercise of reasonable care which defendant failed to provide,

G. causing injury or damage to plaintiff by property under the responsibility, care, custody, control, operation, ownership and/or garde of defendants, which could have been avoided by exercise of reasonable care which was not exercised,

H. failing to comply with the standard of due care owed by a person or entity such as defendant to plaintiff,

I. breaching the duty of due care owed by a person or entity such as defendant to plaintiff,

J. in fact causing damages to plaintiff,

K. but-for and/or proximately causing damages to plaintiff,

L. causing damages to plaintiff which were within the scope of the duty of care owed to plaintiff and,

M. any and all other acts, omissions, and/or deficiencies of premises or operations as may be learned through discovery or proved at trial.

12.

The complained of incident arose due to the negligence, fault, strict liability and/or responsibility under law of **DOLLAR GENERAL,** and those for whom defendant(s) is/are responsible, individually and/or vicariously, including but not necessarily limited to:

individual or vicarious liability through allowing and/or failing to exercise due care to avoid acts and omissions or performing of acts and/or omissions which impute vicarious liability, respondeat superior and/or are responsible for the causing of injury to plaintiff through acts or omissions of persons for whom defendant(s) is/are responsible, whether arising on grounds of master for servant and/or principal for agent or apparent agent and/or employer for employee and/or contractor or general contractor for contracte and/or joint venturer for other joint venturer and/or beneficiary for person acting on a mission for the use or benefit of the beneficiary, or on whatsoever grounds which make a person or entity responsible through acts or omissions of another, which acts and/or omissions could and/or should have been avoided by exercise of due care which was not exercised.

13.

Additionally and alternatively the doctrine of res ipsa loquitur applies in that the premises

and personnel thereof were at all times under the custody, care, responsibility and control of defendant and those for whom it is responsible; such an incident as complained of does not normally occur in absence of negligence and/or fault by the defendant and those for whom it is responsible; and plaintiff made no voluntary contribution to the unsafe, non-skid resistant and slippery floor and presence of discontinuous covering by unsecure and unrecessed mats/rugs which left a pathway that included non-skid resistant and non-absorbent passageway and lack of posting of any warning, notice or caution of hazards and risks thereof which caused injuries and damages to plaintiff.

14.

As a result, proximate result, but for result, and/or legal result of the complained of incident, plaintiff sustained and arising from the complained of incident to plaintiff have been injuries and damages including but not necessarily limited to past, present and future physical pain and suffering, mental pain and suffering, anguish, anxiety and humiliation, embarrassment, upset, worry, inconvenience, physical injury, impairment and disability, injury to her body, need for bracing and/or crutches and/or other medical aids or devices or bandaging or restraint, new injury and/or aggravation, activation and acceleration of symptoms, medical, hospital and related expenses, loss and/or impairment of enjoyment of life and/or of lifestyle, invasion of privacy, loss and/or impairment of personal services, hedonic damages, loss and/or impairment of earnings and/or earning capacity, and any and all other elements of injuries and/or damages as may be allowed by law.

15.

Additionally and alternatively, it was admitted to plaintiff by personnel of defendant that the premises, scene and activities taking place at defendant's store were captured on imaging or surveillance or security filming or imaging, and plaintiff timely requested that the material be preserved and notified defendant of its significance in a civil claim; in the event that defendant has failed to protect or adequately preserve all pertinent documentation and all pertinent imaging, including any for an adequate time before the incident, the incident and the aftermath, for issues any and all matters pertinent to liability, causation or damages, plaintiff brings against all defendants a claim for spoliation of evidence and damages to her civil claim resulting therefrom, including any

civil damages, penalties, examplary damages, attorneys fees, statutory damages and/or any other remedies or relief to which she may be entitled due to or arising from said spoliation or failure to preserve evidence, as well as any and all other damages or relief to which plaintiff may be entitled.

16.

Solely for purposes of complying with procedural requirements, plaintiff is entitled to all such damages as are reasonable in the premises.

**WHEREFORE**, plaintiff prays that there be citation and service on each and all defendants and that after all due proceedings had herein there be judgment rendered in plaintiff's favor against each and all defendants jointly, severally, solidarily and/or concurrently for all such damages to which she is entitled and, to any damages as are reasonable in the premises, and any punitive and/or exemplary damages or attorneys fees or other remedies or relief, if any, together with maximum interest on all damages and all amounts awarded from date of the complained of incident until paid, and maximum interest from date of judicial demand until paid, and for all costs and disbursements of these proceedings, and for all further general, equitable, legal and other relief in favor of plaintiff.

_____
THALHEIM, LTD.
A PROFESSIONAL LAW CORPORATION
BY: **RICHARD A. THALHEIM, JR.**, #12710
506 Canal Boulevard
Thibodaux, Louisiana 70301
Telephone: (985) 447-5000
Telefax: (985) 447-5018

PLEASE CITE AND SERVE THE ORIGINAL PETITION ON:

CLERK'S OFFICE, FRANKLIN, LA

1. **DG LOUISIANA, LLC,**
   through its registered agent for service of process,
   **CORPORATION SERVICE COMPANY,**
   **501 Louisiana Avenue, Baton Rouge, LA 70802**

2. **DOLGENCORP, LLC**
   through its registered agent for service of process,
   **CORPORATION SERVICE COMPANY,**
   **501 Louisiana Avenue, Baton Rouge, LA 70802**

OCT 30 2019
A true copy of the original
Attest _____
Dy. Clerk of Court

RECEIVED AND FILED

OCT 24 2019
Dy. Clerk of Court