UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **VICTORIA ANN TARLETON** | **CASE NO. 6:20-CV-00294** |
| **VERSUS** | **JUDGE JUNEAU** |
| **DG LOUISIANA L L C** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Compel Production of Documents Responsive to Plaintiff's Second Request for Production, Inspection, Examination and Copying of Documents and Things (Rec. Doc. 15; 17). Defendant opposed the Motion (Rec. Doc. 18). The Court conducted a telephone hearing on February 2, 2021.

Plaintiff filed suit for injuries allegedly sustained in a slip and fall incident in Defendant's Dollar General store. (Rec. Doc. 1-2). Plaintiff alleged generally that "she was caused to slip and fall and sustain injury" (¶3), that Defendant "failed to have slip-resistant and/or adequately slip-resistant surface and/or was otherwise unreasonably safe…" (¶6), that "placement of mats/rugs [were] not recessed nor secured to the floor and fail[ed] to adequately abut each other or the entrance threshold area, [leaving] space for exposed non-slip-resistant floor…" (¶9), among other broadly general allegations. Defendant's counsel represented to the Court at

the hearing, and Plaintiff's counsel did not dispute, that video surveillance of the incident shows Plaintiff walking into the entrance of the store on a rainy day and slipping in an area where there was no mat.[1]

In response to Plaintiff's interrogatories and request for production, Defendant produced a copy of the applicable Dollar General lease and site plan. Plaintiff then propounded additional discovery seeking certain construction and design-related documents identified in the lease. (See Rec. Doc. 15-2).

At issue is the scope of permissible discovery, a well-established concept:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

F.R.C.P. Rule 26(b)(1).

Defendant argues, and the Court agrees, that Plaintiff's request for detailed construction and design related documents is irrelevant to the issue of liability under La. R.S. 9:2800.6. Under that statute, the plaintiff in a slip and fall case must prove that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." *Gray v. Wal-Mart*

---

[1] At the time of this Order, the Court had not yet received the video surveillance.

*Louisiana, L.L.C.,* 484 F. App'x 963, 965 (5th Cir. 2012), quoting *Kennedy v. Wal–Mart Stores, Inc.,* 733 So.2d 1188, 1190 (La.2004). The facts and allegations presented so far indicate that the alleged condition which caused the fall was water on the floor, a temporary condition unrelated to the construction or design of the store. Plaintiff has not alleged any specific construction or design defect which caused or contributed to her fall. Hence, the Court finds that construction and design related documents are irrelevant. Plaintiff indicated that her expert intends to use the requested documents to establish the existence of a defect; however, without any specific allegations of a specific construction or design defect (e.g. a dip in the floor which caused water to accumulate, etc.), the Court will not compel Defendant to produce the detailed construction and design documents requested. Accordingly,

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Compel (Rec. Doc. 15) is DENIED. Plaintiff and Defendant shall coordinate to schedule an inspection of the premises with Plaintiff's expert at a mutually agreeable time. Thereafter, **upon presentation of specific factual allegations regarding a specific construction or design defect**, Plaintiff may propound additional specifically tailored discovery requests and/or file an appropriate motion to compel if deemed necessary after conferring with Defendant's counsel.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff's and Defendant's deadline for disclosure of expert information is extended by thirty (30) days each.

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of February, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE