## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**VICTORIA ANN TARLETON**    **CASE NO. 6:20-CV-00294**

**VERSUS**    **JUDGE JUNEAU**

**DG LOUISIANA LLC**    **MAGISTRATE JUDGE WHITEHURST**

### MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Compel Production of Documents Responsive to Plaintiff's Third Request for Production, Inspection, Examination and Copying of Documents and Things. (Rec. Doc. 22). Defendant opposed the Motion (Rec. Doc. 24). Plaintiff replied. (Rec. Doc. 25).

Plaintiff filed suit for injuries allegedly sustained in a slip and fall incident at the entrance of Defendant's Dollar General store. (Rec. Doc. 1-2). Plaintiff alleged generally that "she was caused to slip and fall and sustain injury" (¶3), that Defendant "failed to have slip-resistant and/or adequately slip-resistant surface and/or was otherwise unreasonably safe…" (¶6), that "placement of mats/rugs [were] not recessed nor secured to the floor and fail[ed] to adequately abut each other or the entrance threshold area, [leaving] space for exposed non-slip-resistant floor…" (¶9), that Defendant is responsible 'through unsafe and inadequate construction and design of the premises without any and/or adequate skid-resistant,

absorbent, and/or non-slippery floorway/walkway . . ." (¶8), among other general allegations. Video surveillance of the incident shows Plaintiff walking into the entrance of the store on a rainy day and slipping in an area where there was no mat. (Rec. Doc. 18-1).

In response to Plaintiff's interrogatories and request for production, Defendant produced a copy of the applicable Dollar General lease and site plan. Plaintiff then propounded additional discovery seeking certain construction and design-related documents identified in the lease. (See Rec. Doc. 15-2). In response to Defendant's objection, Plaintiff filed her first Motion to Compel. Following briefing and a telephone hearing, the Court found that Plaintiff's request for detailed construction and design related documents was irrelevant to the issue of liability under La. R.S. 9:2800.6:

> The facts and allegations presented so far indicate that the alleged condition which caused the fall was water on the floor, a temporary condition unrelated to the construction or design of the store. Plaintiff has not alleged any specific construction or design defect which caused or contributed to her fall. Hence, the Court finds that construction and design related documents are irrelevant. Plaintiff indicated that her expert intends to use the requested documents to establish the existence of a defect; however, without any specific allegations of a specific construction or design defect (e.g. a dip in the floor which caused water to accumulate, etc.), the Court will not compel Defendant to produce the detailed construction and design documents requested. Accordingly,
>
> IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Compel (Rec. Doc. 15) is DENIED. Plaintiff and Defendant shall coordinate to schedule an inspection of the premises

with Plaintiff's expert at a mutually agreeable time. Thereafter, **upon presentation of specific factual allegations regarding a specific construction or design defect**, Plaintiff may propound additional specifically tailored discovery requests and/or file an appropriate motion to compel if deemed necessary after conferring with Defendant's counsel.

(Rec. Doc. 20) (emphasis in original).

In response to the forgoing order, Plaintiff's expert conducted a site inspection, and Plaintiff propounded a third set of discovery seeking the following:

Request No. 1: Any and all shop drawings pertaining to the floor finish and/or floor system(s) of and/or for the involved store, building, facility, and/or demised premises, and particularly any and all such items including or pertaining to the involved entranceway, exterior of entranceway and interior of entranceway and any other pertinent area and/or walking surface.

Request No. 2: Any and all construction documents, including but not limited to any working drawings, pertaining to the floor finish and/or floor system(s) of and/or for the involved store, building, facility, and/or demised premises, and particularly any and all such items including or pertaining to the involved entranceway, exterior of entranceway and interior of entranceway and any other pertinent area and/or walking surface.

Request No. 3: Any and all changes or change orders.

Request No. 4: Any and all specifications, including any included in any construction documents and/or changes or change orders and any not included in any construction documents and/or changes or change orders.

Request No. 5: Any and all specifications pertaining to the flooring and/or flooring system applied at the involved store, building, facility, and/or demised premises, and particularly any and all such items including or pertaining to the involved entranceway, exterior of

entranceway and interior of entranceway and any other pertinent area and/or walking surface.

Defendant maintained its objection to producing the requested documents on the grounds of relevance. (Rec. Doc. 22-1, p. 10-16). The issue in this Motion to Compel is again the scope of discovery, set forth in F.R.C.P. Rule 26(b)(1). As discussed in the Court's ruling on Plaintiff's first Motion to Compel, relevance is the key disputed issue.

The Court's concern with Plaintiff's previous broad requests was the degree to which such requests were relevant to Plaintiff's allegations. Plaintiff alleges, following her expert's inspection, that the floor in the entrance area was defective for failing to have an adequate slip resistant surface. Unlike Plaintiff's original requests, the discovery requests which are at issue in the present motion are more specifically tailored to the floor surface, finishing, and flooring system incorporated in the premises. The Court finds that this allegation raises a specific construction/design issue relevant to the accident. Thus, Plaintiff is entitled to obtain information directly related to the floor surface at the entrance, such as the type of flooring material used. However, Plaintiff is not entitled to broad categories of documents seeking information pertaining to construction or design of the store in general.

To the extent either party requires an extension of pretrial deadlines, the party shall file an appropriate motion for extension of time.

With regard to the parties' informal requests for award of costs and attorneys' fees, the Court declines to award same. First, neither party formally moved for such an award. See Rec. Doc. 22, p. 1-2; Rec. Doc. 24, p. 3. Further, the Court declines to issue an award pursuant to F.R.C.P. Rule 37(a)(5)(C).

Accordingly,

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Compel (Rec. Doc. 22) is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED in the following respects:

Request No. 1

Request No. 2 – Only to the extent the Request seeks construction documents/working drawings pertaining to the floor finish and/or floor system(s) of the involved entranceway.

Requests No. 3, 4, and 5 – Only to the extent the Requests seek specifications, construction documents, or change orders specifically pertaining to the floor finish and/or floor system(s) of the involved entranceway.

The Motion is DENIED in all other respects.

THUS DONE in Chambers, Lafayette, Louisiana on this 19th day of March, 2021.

*[signature]*
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE