UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **VICTORIA ANN TARLETON** | **CASE NO. 6:20-CV-00294** |
| **VERSUS** | **JUDGE JUNEAU** |
| **DG LOUISIANA LLC** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Compel Production of Premises. (Rec. Doc. 56). Defendant opposed the Motion (Rec. Doc. 58). Plaintiff's motion is another in a series discovery disputes between the parties. (See Rec. Doc. 20; 26)

Plaintiff filed suit for injuries allegedly sustained in a slip and fall incident at the entrance of Defendant's Dollar General store. (Rec. Doc. 1-2). Video surveillance of the incident shows Plaintiff walking into the entrance of the store on a rainy day and slipping in an area where there was no mat. (Rec. Doc. 18-1).

In this Motion, Plaintiff seeks to have his engineering expert inspect the premises a second time to conduct additional testing. (In addition to her engineering expert's first inspection, Plaintiff also retained an architect expert, who also previously inspected the premises). The Court must again apply F.R.C.P. Rule 26, which states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

F.R.C.P. Rule 26(b)(1).

The Court is not convinced that a fourth inspection under these facts is proportional to the needs of the case. Plaintiff has been aware of the alleged issue with the floor since the outset and could have conducted any necessary testing at any of the previous inspections. The Court emphasizes that the facts of the case indicate the key liability issue is whether Defendant failed to comply with rainy day protocols by placing a mat near the entrance. Nonetheless, because Defendant has indicated a willingness to allow Plaintiff yet another opportunity to inspect, the Court will allow Plaintiff to do so; however, the inspection shall be at Plaintiff's cost.

Accordingly,

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Compel (Rec. Doc. 56) is DENIED. This Order shall not preclude the parties from agreeing to conduct another inspection provided that Plaintiff shall pay for the reasonable costs associated with the inspection, including the costs for the attendance of Defendant's counsel and expert.

THUS DONE in Chambers, Lafayette, Louisiana on this 19th day of November, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE