# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**VICTORIA ANN TARLETON**             **CASE NO.  6:20-CV-00294**

**VERSUS**                            **JUDGE DRELL**

**DG LOUISIANA L L C**                **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM RULING AND ORDER

Before the Court is Plaintiff's "Motion to Quash Untimely Discovery and/or to Strike and/or Exclude any Responses thereto, and Protective Order Against Said Discovery and Responses, and Objections." (Rec. Doc. 116). Defendant, DG Louisiana, LLC, opposed the Motion. (Rec. Doc. 121).

Plaintiff seeks to quash the following three discovery requests: 1) Defendant's January 12, 2022 Request for Admission (Rec. Doc. 121-1); 2) subpoena duces tecum to One Spine Institute (Rec. Doc. 116-4); and 3) subpoena duces tecum to Cypress Bayou Casino Hotel (Rec. Doc. 116-5). Plaintiff's primary objection appears to be based on timeliness; however, since Plaintiff filed the Motion, the Court extended the discovery deadline to May 31, 2022. Therefore, Plaintiff's objections based on timeliness are moot.

This Court has considered numerous other discovery motions in this ongoing litigation and will not reiterate the applicable standards.

1. **January 12, 2022 Request for Admission**

   Plaintiff objects to Defendant's January 12, 2022 Request for Admission seeking an admission regarding the date Plaintiff and her counsel viewed video surveillance as irrelevant. Plaintiff's position seems to be based on spoliation. Defendant contends the request is relevant to its defense as to the timing of Plaintiff's complaints and involvement with Dr. Liechty. The Court finds that the information sought is relevant to Plaintiff's credibility.

2. **Subpoena Duces Tecum to One Spine Institute/Dr. Liechty**

   Plaintiff objects to Defendant's records request to One Spine Institute and Dr. Liechty, who opined that Plaintiff my need future fusion surgeries at adjacent levels.[1] Defendant intends to challenge Dr. Liechty's opinion based on his treatment of other similar plaintiffs. (Rec. Doc. 121, p. 4). The subpoena duces tecum specifically seeks documents pertaining to other patients in their mid-70s who have had adjacent level

---

[1] Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *See Frazier v. RadioShack Corp.,* No. 10–855, 2012 WL 832285, at *1 (M.D.La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights ..., that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."). Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena.

*Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.,* 314 F.R.D. 214, 218 (M.D. La. 2016).

fusions, with names and other personal information redacted. (Rec. Doc. 116-4). The Court finds that such information is relevant to Dr. Liechty's credibility and the likelihood that Plaintiff will undergo future surgeries. However, the Court finds the subpoena is too broad. The Court will not require One Spine Institute/Dr. Liechty to produce records of other patients in response to Request No. 1. Dr. Liechty's responses to requests No. 2-5, which the Court will allow (*absent a substantiated objection from Dr. Liechty that production would be overly burdensome*), will provide the same information without the necessity of the production of specific records. Regarding No. 5, the Court finds that the requested documents pertaining to One Spine Institute relationship with Justice Medical Funding are relevant to the issues of collateral source, bias, credibility, and causation. See *McClain v. Sysco New Orleans*, No. CV 19-1801, 2020 WL 11028497, at *13 (E.D. La. July 17, 2020), a well-reasoned and thorough analysis with which this Court agrees. See also *Bowling v. Brown*, No. 20-CV-504, 2021 WL 3666848, at *2 (W.D. La. Aug. 18, 2021); *Bonano v. James River Ins. Co.*, No. CV 19-14764, 2020 WL 6157846, at *4 (E.D. La. Oct. 21, 2020). To the extent any of the requested documents are subject to confidentiality provisions, the Court shall consider any appropriate protective order presented.

### 3. Subpoena Duces Tecum to Cypress Bayou Casino

Plaintiff objects to Defendant's subpoena duces tecum to Cypress Bayou Casino requesting documents pertaining to Plaintiff's Club membership and activities at the casino. Defendant argues Plaintiff's gambling records are relevant to her claims for loss of earning capacity and enjoyment of life. Defendant cites *Barclay, Jr. v. Cameron Charter Boats, Inc.,* a case which this Court finds directly on point. *Barclay v. Cameron Charter Boats, Inc.,* No. 2:09 CV 462, 2011 WL 3468380, at *5 (W.D. La. Aug. 8, 2011) ("This evidence is especially relevant to show that Mr. Barclay has not lost significant enjoyment of his life after the accident. *See e.g., Smith v. Harrah's New Orleans Mgmt. Co.,* 213 Fed. Appx. 353, 361 (5th Cir.2007). And it may show that Mr. Barclay enjoys life more after the accident than before the accident, since he could spend time at a casino that would otherwise be spent cooking on [a] vessel."). Thus, the Court will not quash or modify the subpoena to Cypress Bayou Casino.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Quash and/or for Protective Order (Rec. Doc. 116) is GRANTED IN PART AND DENIED IN PART. The Court hereby quashes request No. 1 in the subpoena duces tecum to One Spine Institute. The Motion is denied in all other respects.

Signed at Lafayette, Louisiana on this 17th day of February, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE