# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **VICTORIA ANN TARLETON** | **CASE NO.  6:20-CV-00294** |
| **VERSUS** | **JUDGE JUNEAU** |
| **DG LOUISIANA LLC** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

Before the Court is Defendant's Motion to Quash First and Second Requests for Admissions and Motion for Protective Order. (Rec. Doc. 149). Plaintiff untimely opposed the Motion.[1] (Rec. Doc. 157). This is a simple slip and fall case which over the last two and one-half years has ballooned into pretrial discovery chaos.

Plaintiff filed suit in October 2019 for injuries allegedly sustained in a slip and fall incident at the entrance of Defendant's Dollar General store. (Rec. Doc. 1-2). Video surveillance of the incident shows Plaintiff walking into the entrance of the store on a rainy day and slipping in an area where there was no mat. (Rec. Doc. 18-1).

The following procedural history is the backdrop for Defendant's instant motion:

---

[1]   Plaintiff's Opposition was due May 13, 2022. (Rec. Doc. 154). She filed her opposition on May 14, 2022. Nevertheless, the Court has considered the opposition.

- Defendant provided initial documents pertaining to the store and the accident in July 2020 in response to Plaintiff's first Requests for Production of Documents. (Rec. Doc. 152-1). These documents included the applicable lease agreement regarding the Dollar General store (Rec. Doc. 15-5) and a store site plan.

- In January 2021, Plaintiff moved to compel Defendant to produce specific construction or design related documents. The Court denied Plaintiff's motion as the requested documents were irrelevant. The Court reasoned that the facts known at the time showed that liability was a determination under Louisiana's merchant liability statute (La. R.S. 9:2800.6, the slip and fall statute) and not a construction defect issue. (Rec. Doc. 20). Nevertheless, the Court allowed Plaintiff to propound additional specifically tailored discovery requests upon presentation of a specific factual allegation regarding a specific construction or design defect. (*Id*.)

- In March 2021, Plaintiff filed a second motion to compel for Defendant to produce documents pertaining to the floor of the store (e.g. drawings and documents pertaining to the floor finish and/or floor system(s)) and other broad and unspecified documents such as change orders and specifications. The Court granted the motion only to the extent Plaintiff requested documents specifically related to the floor finish and/or floor systems. (Rec. Doc. 26).

- Plaintiff has conducted *four* inspections of the store with two experts. Although the Court denied Plaintiff leave to conduct the fourth inspection, Defendant agreed to allow the fourth inspection at its premises at Plaintiff's cost. (See Rec. Doc. 60 and 147). Nonetheless, Plaintiff requested leave to conduct a *fifth* inspection, which the Court denied.

- The case was initially set for trial in August 2021 and then re-set for March 2022. (Rec. Doc. 53). In February 2022, the case was reassigned from Judge Juneau to Judge Drell. (Rec. Doc. 94). In accordance with his procedure, Judge Drell issued a Civil Case Management Order (Rec. Doc. 114) and a modified scheduling order (Rec. Doc. 120). The modified scheduling order set a discovery deadline (May 31, 2022). The pretrial conference is set for July 26, 2022, with the trial anticipated for October 2022.

- On April 24, 2022, barely one month before the discovery deadline and two and one-half years after filing this suit, Plaintiff propounded 178 requests for admission to Defendant. (Rec. Doc. 149-3 and 149-4).

Defendant now seeks to quash Plaintiff's 178 requests for admission and a protective order prohibiting Plaintiff from propounding additional written discovery.

Under Rule 26(c), the court must limit the frequency or extent of discovery when:

(i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)   the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)  the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Regarding requests for admission, "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). However, requests for admission are not for compelling admission of conclusions of law or for establishing obviously disputed facts. *Id*. The breadth of Rule 36 "allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *Id*., citing Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2254 (1994).

Defendant argues Plaintiff's 178 requests for admission are cumulative, obtainable from other, more appropriate sources, and Plaintiff has had ample

opportunity to obtain the requested information. Defendant divides the voluminous

requests into the following categories:

**1.  Requests regarding Spoliation: First Requests No. 1-24 and 50-70**

44 of Plaintiff's requests relate to Defendant's preservation of the video

surveillance in an obvious effort to support a spoliation claim. In response to prior

requests for production, Defendant provided the video surveillance in its possession

and the following response:

> Defendant produced all video footage from the date of the
> alleged incident to Plaintiff on July 1, 2020. Defendant sent a request
> to an outside vendor, The Investigative Group (TIG), to extract the
> CCTV footage from the subject store on or around October 15, 2019,
> for the period of one hour before and one hour after the subject incident.
> The footage was obtained by TIG and then submitted to Defendant on
> October 21, 2019. Defendant has no additional video footage from the
> date of the subject incident other than what was already provided to
> Plaintiff on July 1, 2020.[2]

Plaintiff now asks Defendant to admit to various statements regarding its

maintenance of the video surveillance of the incident. For example, Plaintiff seeks

admissions that "DG LOUISIANA, LLC became aware of the incident involving

Ms. Tarleton at a time when its video surveillance existed and was in its custody that

showed [various things]." (Rec. Doc. 149-3, Req. 1-8). And this: "DG LOUISIANA,

---

[2]    Defendant cited its Supplemental Responses to Plaintiff's First Requests for Production as
"Exhibit 3," but no such exhibit was attached. Absent contradictory evidence, the Court
relies upon Defendant's representation in its brief. (Rec. Doc. 149-2, p. 5).

LLC, after learning of the complained of incident, had access to its entire video surveillance from the day prior to the complained of incident through the time of the complained of incident but chose not to preserve the surveillance video that showed [various things]." (Rec. Doc. 149-3, Req. 10-13). Subsequent requests seek responses about whether Defendant has documentation regarding preservation of the video. (Req. 14-24; 50-58; 62-67).

The Court finds that Plaintiff's requests regarding the video surveillance are confusing, compound, and/or duplicative. Many of the requests act more as interrogatories, which are limited to 25 by F.R.C.P. Rule 33. As one court noted:

> [The purpose of requests for admission] is to eliminate from the trial matters as to which there is no genuine dispute. Therefore, requests for admissions are not principally discovery devices. Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a).

> *Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 105 (W.D. Tex. 2020), quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Plaintiff's video surveillance requests essentially seek information regarding preservation of the video beyond what Defendant has already produced, and ultimately seeks an answer as to why Defendant did not retain surveillance. This is

information properly sought via interrogatories, requests for production, and depositions—not through requests for admission. It is unclear whether Plaintiff previously asked for, e.g., documentation of chain of evidence for the video surveillance (see Req. 21-24). As such, requests seeking admissions that no such documentation has been produced are confounding. The Court further finds that requests regarding Defendant's retention of counsel (Req. 59-61) and requests regarding Defendant's knowledge vis-à-vis this litigation (Req. 68-70) are irrelevant, seek privileged information, and are otherwise not proportional to the needs of the case. Again, the purpose of requests for admission are to narrow the disputed issues for trial. Plaintiff's requests for admission circumvent the spirit and purpose of this discovery procedure.

## 2. Requests regarding Dollar General Legal Policies: First Requests No. 25-33.

Plaintiff next propounded multiple requests seeking admission regarding Defendant's actions in other cases. For instance, Plaintiff seeks responses to confusing requests such as "DG LOUISIANA, LLC has repeatedly and on multiple occasions in personal injury litigation asserted as a defense that the plaintiff was not able to meet the burden of proof of actual and/or constructive notice of the unreasonably unsafe condition of the premises and/or store under circumstances where video of its premises for sufficient duration would have provided evidence pertinent to determination of actual and/or constructive notice." (Rec. Doc. 149-3,

Req. 26. See in general Req. 25-33). The Court finds these requests are inappropriately confusing, irrelevant to this case, and/or seek privileged information regarding Defendant's legal strategies and are therefore quashed.

### 3. Requests regarding Dollar General's Defense Experts: First Requests No. 34-49

Plaintiff propounded at least fifteen requests regarding Defendant's retention of its experts. Some requests are so broad as to seek information pertaining to other attorneys in Defendant's counsel's law firm. The Court finds these requests are confusing and/or irrelevant. Moreover, Defendant represents that it has provided to Plaintiff the information required under the expert disclosure rules, including a list of publications, previous cases at which the expert has testified, and a statement of compensation. F.R.C.P. Rule 26(a)(2). Plaintiff has not challenged the fact of her possession of this information. These requests are quashed as irrelevant, ambiguous, and duplicative.

### 4. Requests regarding Dollar General's Lease and Ownership of Premises and Insurance Issues: First Requests No. 71-101

Plaintiff devotes 30 requests to the lease agreement between Dollar General (and/or its subsidiaries) and CGP Acquisition & Development, LLC, the building owner, and to Defendant's insurance. These requests are confusing (see e.g. Req. 72), duplicative (e.g. Req. 73-75), and seek information readily obvious from a simple reading of the lease (e.g. Req. 77). These requests also seek irrelevant

information, because 1) CGP is not a party to this suit; 2) Defendant's operational control over the store on the date of the accident is undisputed; and 3) Defendant has admitted the breakdown of its ownership in its corporate disclosure statement (Rec. Doc. 5). Plaintiff's requests regarding insurance requirements are also irrelevant; coverage for Plaintiff's claims is not an issue. Nonetheless, the Court acknowledges that Plaintiff is entitled to a document evidencing the amount of total coverage (whether from self-insured retention and/or liability and excess policies) available for her claims. To the extent Plaintiff is not in possession of such a document, she may propound an appropriate, specific, and concise request for production.

**5.  Requests regarding Amount of Taxes Paid and Volume of Business: Requests No. 102-113**

The final requests among the first set seek information related to Dollar General's "money amount of business," sales tax, amount of payrolls, and number of customers. The Court finds these requests seek wholly irrelevant information and are therefore quashed. The Court reiterates yet again: this is a simple slip and fall case. Ability of Defendant to satisfy any judgment that may be awarded against it is not an issue, despite Plaintiff's attempts to create one.

**6.  Requests regarding Floor and Floor Mat: Second Requests No. 1-65**

Plaintiff's second set of requests for admission consist of 65 requests pertaining to the floor's slip resistance. These requests also fail for being confusing, compound, and unnecessary. These requests are properly the subject of requests for

production. Moreover, the slip resistance of the floor is an obviously disputable issue, as evidenced by the parties' dueling expert reports, Daubert motions, and motions in limine.

These requests, like all of Plaintiff's requests, are more effective at muddying the issues at trial, rather than clarifying the issues, as is the purpose of requests for admission. The bulk of these requests seek information that is already in Plaintiff's possession or easily could be with requests for production. The excessive number and breadth of these requests—in a simple slip and fall case—amounts to a waste of the parties' and the Court's resources, contravenes the spirit of the discovery rules, and flouts the notion of judicial efficiency. Accordingly, Plaintiff's First and Second Requests for Admission are quashed.

Defendant last seeks a protective order forbidding any additional written discovery. The Court declines to issue such an order at this time, as the discovery deadline will soon expire. However, the Court admonishes Plaintiff's counsel to review the Federal Rules of Civil Procedure regarding discovery requests, to consider the real issues in dispute, and to consider the value of litigants' and the Court's resources before propounding any further written discovery.

THUS DONE in Chambers, Lafayette, Louisiana on this 16th day of May, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE