# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

VICTORIA ANN TARLETON        CASE NO.  6:20-CV-00294

VERSUS        JUDGE DAVID C. JOSEPH

DG LOUISIANA LLC        MAGISTRATE JUDGE CAROL B. WHITEHURST

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Quash Interrogatories and Requests for Production to Dolgencorp, LLC (Rec. Doc. 227), which Plaintiff opposed (Rec. Doc. 248). Also before the Court is Plaintiff's related Motion for Oral Hearing on Motion for Summary Judgment of Dolgencorp, LLC and for Re-Setting Hearing Date (Rec. Doc. 226), which Defendant opposed (Rec. Doc. 228).

This Court will not repeat the tedious procedural history in this slip-and-fall case, which is set for trial in October 2022. In summary, Plaintiff asserted claims against DG Louisiana, LLC. The Court did not allow Plaintiff to assert further claims against DG Louisiana's parent entities, including Dolgencorp, LLC. (See reasons stated in Rec. Doc. 192). Plaintiff appealed that ruling to the District Judge, but before the District Judge could rule on the appeal, Dolgencorp filed a motion for summary judgment "out of an abundance of caution," seeking to have Dolgencorp dismissed. (See Rec. Doc. 205-1, p. 3). Thereafter, the District Judge affirmed the

undersigned's rulings disallowing Plaintiff's claims against Dolgencorp. (Rec. Doc. 221). Dolgencorp's protective motion for summary judgment nonetheless remains pending. Plaintiff moves to continue the hearing on Dolgencorp's motion for summary judgment on the grounds that she needs Dolgencorp's discovery responses in order to oppose the motion.

In turn, Defendant seeks to quash Plaintiff's discovery requests to Dolgencorp as untimely. The deadline for completion of discovery expired on May 31, 2022. (Rec. Doc. 120). Plaintiff propounded the discovery at issue on May 27, 2022, rendering responses due June 27, 2022, after expiration of the discovery deadline. Although the modified scheduling order does not explicitly state that discovery responses must be provided before the discovery deadline, the Court finds that the discovery was untimely propounded because the modified scheduling order contemplates "completion of all discovery, including taking of all depositions" by May 31, 2022 and establishes June 15, 2022 as the final date for filing of dispositive motions. The scheduling order cannot be reasonably interpreted to allow discovery to continue beyond the dates for "completion of all discovery" and for filing dispositive motions. Thus, the Court finds that Plaintiff's discovery to Dolgencorp was untimely.

Moreover, the bulk of Plaintiff's discovery requests to Dolgencorp are duplicative of discovery propounded on DG Louisiana and/or seek information

which has already been produced via other discovery requests or deposition testimony. (Compare e.g. Rec. Doc. 18-2 and 227-2). Otherwise, this Court has previously classified Dolgencorp as nominal, such that its responses to discovery on topics already discovered in this case are unnecessary. (See Rec. Doc. 161 and 192). Accordingly, the Court finds that Plaintiff's discovery to Dolgencorp is duplicative and seeks irrelevant information. For this reason, Plaintiff's discovery to Dolgencorp cannot serve as the basis for continuing the hearing on Dolgencorp's motion for summary judgment.

Neither did Plaintiff submit an affidavit or declaration pursuant to F.R.C.P. Rule 56(d).

> Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. Nevertheless, non-moving parties requesting Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. Instead, the non-moving party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. … This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.

> *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (cleaned up).

Having found that Plaintiff's discovery to Dolgencorp is duplicative and seeks irrelevant information, the Court finds that responses to the discovery would afford Plaintiff no better position in opposing Dolgencorp's deposition than if Dolgencorp were required to respond. Thus, for these reasons,

IT IS ORDERED that Plaintiff's Motion for Oral Hearing on Motion for Summary Judgment of Dolgencorp and re-setting Hearing Date (Rec. Doc. 226) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Quash Interrogatories and Requests for Production to Dolgencorp, LLC (Rec. Doc. 227) is GRANTED IN PART AND DENIED IN PART. The Motion is denied without prejudice to the extent Defendants move for an award of reasonable expenses. The Motion is granted in all other respects.

Signed at Lafayette, Louisiana on this 20th day of July, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE