UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **VICTORIA ANN TARLETON** | **CASE NO. 6:20-CV-00294** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DG LOUISIANA L L C** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**ORDER**

Before the Court are Plaintiff's *Motion for Judicial Notice of Defendant Willful Pattern and Routine Practice of Failing to Keep Receiving Areas Clean and Orderly and Ignoring Hazardous Working Conditions and Operating with a Business of Putting Profit over Safety, Inter Alia* (Rec. Doc. 282) and *Motion for Judicial Notice of Defendant and Routine Practice of Multiple Claims for Relief Under CARES Act in Large Amounts of at least $3,202,033 Total* (Rec. Doc. 283).

The Court finds these motions are frivolous and do not warrant a response from Defendant. See *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019), holding that some claims are so obviously without merit so as not to require a response.)

The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

"A fact that has been judicially noticed is not subject to dispute by the opposing party—indeed, that is the very purpose of judicial notice." *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 831 (5th Cir. 1998). "[J]udicial notice applies to self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities. *Wooden v. Missouri Pac. R. Co.,* 862 F.2d 560, 563 (5th Cir. 1989), quoting *Hardy v. Johns–Mansville Sales Corp.,* 681 F.2d 334, 347–48 (5th Cir.1982).

Plaintiff's first motion urges the Court to take judicial notice ahead of trial of purported facts which would render Defendants liable. Defendants obviously dispute that it, for instance, "engages in a willful pattern of failing to keep receiving areas clean orderly…" (Rec. Doc. 282, p. 1). The requested conclusions (e.g. that Dollar General "ignore[d] hazardous working conditions, continu[ed] to operate in a way making it obvious that to Dollar General profit means more to them than safety, and that Dollar General has a willful pattern of hazardous operations which has resulted in recent fines…" Rec. Doc. 282) are so wholly and obviously inappropriate for judicial notice that the motion borders on sanctionable.

Plaintiff's second motion for judicial notice seeks to establish the purported fact that Dollar General obtained loans under the CARES Act. In support of the

motion, she attached various webpage printouts. (Rec. Doc. 283). Beyond concerns of relevancy, the motion fails to satisfy F.R.E. Rule 201. The accuracy of the information submitted has not been verified by affidavit, testimony under oath, public record, or otherwise. The accuracy of Plaintiff's sole source—a website (data.covidstimuluswatch.org)—is certainly questionable absent any other credible supporting evidence.

Accordingly,

IT IS ORDERED that Plaintiff's *Motion for Judicial Notice of Defendant Willful Pattern and Routine Practice of Failing to Keep Receiving Areas Clean and Orderly and Ignoring Hazardous Working Conditions, and Operating with a Business of Putting Profit over Safety, Inter Alia* (Rec. Doc. 282) and *Motion for Judicial Notice of Defendant and Routine Practice of Multiple Claims for Relief Under CARES Act in Large Amounts of at least $3,202,033 Total* (Rec. Doc. 283) are DENIED.

Signed at Lafayette, Louisiana on this 19th day of August, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE